IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

IMANI MIKIEL SIAS                                          PETITIONER

v.                        NO. 4:20-cv-00785 JM-PSH

DEXTER PAYNE                                              RESPONDENT

FINDINGS AND RECOMMENDATION

INSTRUCTIONS

The following proposed Recommendation has been sent to United States District Judge James M. Moody, Jr. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection, and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

## DISPOSITION

The record reflects that in 2016, petitioner Imani Mikiel Sias ("Sias") was facing criminal charges in both Drew County Circuit Court and Ashley County Circuit Court. It is not clear whether the charges were related in any way.

On June 2, 2016, Sias signed a plea agreement in which he agreed to plead guilty in Drew County Circuit Court to two counts of discharge of a firearm from a car. See Document 8, Exhibit A at CM/ECF 1. On June 6, 2016, he appeared in Drew County Circuit Court and pled guilty to the charges. A Sentencing Order was filed the same day. See Docket Entry 2 at CM/ECF 3-5.

Also on June 6, 2016, Sias appeared in Ashley County Circuit Court and pled guilty to aggravated robbery. A Sentencing Order was filed the following day. See Docket Entry 2 at CM/ECF 6-7.

On the heels of Sias' guilty pleas, he did nothing in the trial or appellate courts of Arkansas to attack his pleas or the sentences he received. For instance, he did not collaterally attack either plea or sentence by filing a petition for post-conviction relief pursuant to Arkansas Rule of Criminal Procedure 37.

On June 25, 2020, Sias began this case by filing a petition for writ of habeas corpus pursuant to 28 U.S.C. 2254. He maintained in the petition that the Sentencing Order from Drew County Circuit Court had been forged and did not accurately reflect what occurred. Specifically, he maintained that the document had been forged in the following two respects: 1) to "falsely allege [he] 'pled guilty' but [he] was never found guilty by court nor jury," and 2) to add "[an] extra charge" of discharge of a firearm from a car. See Docket Entry 2 at CM/ECF 2. He also alleged the following: "The Petitioner just obtained a copy of his Sentencing Order." See Id.

Payne responded to the petition by filing the pending motion to dismiss. See Docket Entry 7. In the motion and an accompanying brief, he maintained that the petition should be dismissed because it is untimely.

Sias was given up to, and including, October 1, 2020, to file a response to the motion to dismiss. October 1, 2020, has now come and gone, and he has filed nothing in response.

A state prisoner has one year during which he may file a petition pursuant to 28 U.S.C. 2254. If he does not file his petition within that one-year period, excluding any applicable periods of tolling, the petition is barred. 28 U.S.C. 2244(d) provides that the one-year period begins from the latest of one of four dates or events.

Payne maintains that the limitations period in this case is that found at 28 U.S.C. 2244(d)(1)(A), which provides that the one-year period begins on the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review. He maintains that the one-year period began on July 6, 2016, or thirty days after the June 6, 2016, entry of the Sentencing Order in Drew County Circuit Court.[1]

Payne's position has merit and is adopted. The limitations period in this case is that found at 28 U.S.C. 2244(d)(1)(A). The Sentencing Order from Drew County Circuit Court was entered on June 6, 2016, and Sias had thirty days to prosecute a very limited appeal. When he failed to do so, his convictions became final on or about July 6, 2016. The undersigned accepts Payne's assertion that Sias therefore had up to, and about, July 6, 2017, to file a timely petition pursuant to 28 U.S.C. 2254. Sias waited, though, until June 25, 2020, to file the petition at bar. As a result, it is untimely. The only question is whether there is some reason for tolling the one-year period or excusing the untimely filing of his petition.

---

[1]   Sias is not challenging his Ashley County Circuit Court conviction in this case. Instead, he is only challenging his Drew County Circuit Court convictions. Payne maintains that the Drew County Circuit Court convictions did not became final until after the expiration of the thirty day period during which Sias could have appealed to the Arkansas appellate courts. Although Arkansas Rule of Appellate Procedure-Criminal 1(a) generally precludes an appeal following a guilty plea, there are exceptions to the Rule. See Canada v. State, 2014 Ark. 336, 439 S.W.3d 42 (2014).

28 U.S.C. 2244(d)(2) provides that the time during which a properly filed application for state post-conviction or other collateral review is pending shall not be counted toward any period of limitation. 28 U.S.C. 2244(d)(2) is inapplicable here, though, as Sias never filed an application for state post-conviction or other collateral relief.

Although 28 U.S.C. 2244(d)(2) affords Sias no benefit, the one-year period for filing a timely petition pursuant to 28 U.S.C. 2254 may be equitably tolled. See Gordon v. Arkansas, 823 F.3d 1188 (8th Cir. 2016). In Gordon, the Court of Appeals explained that equitable tolling "asks whether federal courts may excuse a petitioner's failure to comply with *federal* timing rules, an inquiry that does not implicate a state court's interpretation of state law." See Id. at 1195 [internal quotation omitted] [emphasis in original]. Equitable tolling is warranted if the petitioner has been pursuing his rights diligently and some extraordinary circumstance stood in his way and prevented a timely filing. See Id.

Here, equitable tolling is not warranted for two reasons. First, Sias has failed to show that he has been pursuing his rights diligently. He did nothing in the trial or appellate courts of Arkansas to attack his plea or sentence. Moreover, he waited almost four years after his convictions became final to file the petition at bar.

Second, Sias has failed to show that an extraordinary circumstance stood in his way and prevented him from filing a timely petition. It is of no consequence that he may have only recently obtained a copy of the Sentencing Order from Drew County Circuit Court. The plea agreement he signed on June 2, 2016, reflects that he agreed to plead guilty to not one, but two, counts of discharge of a firearm from a car, and he "fully [understood] what [he was] charged with having done." See Docket Entry 8, Exhibit A at CM/ECF 1. In the State of Arkansas, "[a] plea of guilty constitutes the accused's trial" and is "in itself a conviction and an admission of all elements of the charges …" See Scalco v. City of Russellville, 318 Ark. 65, 883 S.W.2d 813, 814 (1994). Once Sias pleaded guilty, there was nothing for the state trial court to do but enter judgment. He has offered nothing to suggest that his plea was anything but voluntary, knowing, and intelligent, and there is nothing to suggest that the Sentencing Order does not accurately reflect the terms of his guilty plea.

Notwithstanding the foregoing, a showing of actual innocence may excuse the untimely filing of a petition pursuant to 28 U.S.C. 2254. See McQuiggin v. Perkins, 569 U.S. 383 (2013). "The actual innocence exception is demanding and seldom met and 'tenable actual-innocence gateway pleas are rare.'" See Story v. Kelley, 2018 WL 3193807, 1 (E.D. Ark. 2018) (Baker,

6

J.) [quoting McQuiggin v. Perkins, 569 U.S. 386-87]. "A petitioner 'does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'" See Id. [quoting Schlup v. Delo, 513 U.S. 298, 329 (1995)].

The actual innocence gateway affords Sias no benefit. He has offered no new evidence suggesting that he is innocent. In short, he has failed to show that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.

In conclusion, Sias' petition is untimely as it was filed after the conclusion of the one-year period. There is no reason for tolling the one-year period or otherwise excusing the untimely filing of his petition. It is thus time barred. It is recommended that Payne's motion to dismiss be granted, the petition be dismissed, all requested relief be denied, and judgment be entered for Payne.

DATED this 8th day of October, 2020.

_____
UNITED STATES MAGISTRATE JUDGE